UNITED STATES DISTRICT COURT
Eastern District of Michigan
Southern Division

TREY CHOLEWA,

    Plaintiff,

v

UNITED STATES OF AMERICA and
JENNIFER R. ROBINSON, M.D.,

    Defendants.

Case No. 2:19-cv-12190-GAD-SDD
Hon. Gershwin A. Drain

_____/

JOHNSON LAW, PLC.
BY:  VEN R. JOHNSON (P39219)
     SAMUEL H. PIETSCH (P30173)
     ANTHONY P. SINISHTAJ (P82128)
Attorneys for Plaintiff
535 Griswold St., Suite 2632
Detroit, MI 48226
(313) 324-8300; (313) 324-8301 – fax
spietsch@venjohnsonlaw.com
sjuncaj@venjohnsonlaw.com

_____/

## AMENDED COMPLAINT

    NOW COMES Plaintiff, by and through his Attorneys, JOHNSON LAW, PLC, and complaining of the above-captioned Defendants respectfully represents unto this Honorable Court as follows:

1.      At all times herein, Plaintiff TREY CHOLEWA was a resident of the County of Macomb and State of Michigan.

2.      At all times herein, Defendant JENNIFER R. ROBINSON, M.D., was a medical doctor board-certified to practice psychiatry in the State of Michigan, and had, at a minimum, a psychiatric practice at JOHN D. DINGELL VA MEDICAL CENTER in Detroit, Michigan.

3.      At all times herein, JOHN D. DINGELL VA MEDICAL CENTER was a medical facility located in the City of Detroit, County of Wayne and State of Michigan, and was organized and administered by the United States Department of Veterans Affairs, a governmental unit of Defendant UNITED STATES OF AMERICA.

4.      This cause of action is within the ambit of the Federal Tort Claims Act, 28 USC  Pt. VI, Chapter 171 *et seq*, and 28 USC § 1346 which vest exclusive jurisdiction over the action within the United States District Court.

5.      Jurisdiction and venue are therefore properly vested within this Court.

### Count I – Medical Malpractice

6.      Plaintiff reasserts and realleges the allegations contained in paragraphs 1 thru 5 set forth above, as if fully stated herein.

7.     Plaintiff TREY CHOLEWA, a veteran of the United States Armed Forces, initially sought psychiatric counseling and treatment at JOHN D. DINGELL VA MEDICAL CENTER in Detroit beginning in May of 2015 for service-related conditions including post-traumatic stress disorder and traumatic brain injury.

8.     In October 2015, Plaintiff began to receive psychiatric treatment by Defendant JENNIFER R. ROBINSON, M.D., a board-certified psychiatrist at the VA hospital

9.     Defendant JENNIFER R. ROBINSON, M.D. was, at all times herein, an employee of the JOHN D. DINGELL VA MEDICAL CENTER, an agent of that hospital, a military officer assigned to practice at the hospital, or some combination of those affiliations, and that Dr. Robinson was acting within the scope of her affiliation with JOHN D. DINGELL VA MEDICAL CENTER.

10.    From October 2015 until February or March 2017, Defendant JENNIFER R. ROBINSON, MD. began, and gradually escalated, sexually provocative comments and advances toward Sgt. Cholewa during psychological counseling sessions, under the guise of therapy or treatment.

11.    By March 2017, Defendant JENNIFER R. ROBINSON, M.D. had initiated actual sexual contact with Plaintiff, including kissing and fondling him

3

during the course of counseling sessions conducted under the guise of "therapy"
that would be beneficial to him given, his underlying psychiatric concerns.

12.    During the period between March 2017 and August 2017, Defendant
JENNIFER R. ROBINSON, M.D. not only continued to initiate sexual contact
with Plaintiff, but also continued to assure him that such contact was a legitimate
therapeutic response to his underlying history of post-traumatic stress disorder and
traumatic brain injury.

13.    By August 2017, Defendant JENNIFER R. ROBINSON, M.D. had
escalated her inappropriate conduct toward Plaintiff TREY CHOLEWA by
informing him that she had developed personal affection for him and wished to
advance their relationship to a deeper level of romantic connection.

14.    These inappropriate physical and emotional advances made toward
Plaintiff TREY CHOLEWA by Defendant JENNIFER R. ROBINSON, M.D.
continued up to the time of, and included his last therapeutic appointment with her,
which was on August 1, 2017.

15.    Plaintiff TREY CHOLEWA thereafter treated with other therapists at
the JOHN D. DINGELL VA MEDICAL CENTER, who documented his
expressed concerns over the conduct of Defendant Dr. Robinson, which were
superimposed upon his underlying conditions of post-traumatic stress disorder and
traumatic brain injury.

4

16.     Between March 2017 and August 2017, Defendant JENNIFER R.

ROBINSON, M.D. gradually persuaded Plaintiff TREY CHOLEWA that it would

be appropriate to his therapeutic needs for him to come to her office at the JOHN

D. DINGELL VA MEDICAL CENTER whenever he felt that his emotional state

was becoming overwhelming, so that she could provide further "therapy" to him as

a calming measure.

17.     Such "drop in" meetings between patient and psychiatrist are not

within acceptable protocols established by JOHN D. DINGELL VA MEDICAL

CENTER.

18.     Defendant JENNIFER R. ROBINSON, M.D. continued to make

sexual advances and emotional revelations to Plaintiff during these "drop in"

sessions.

19.     These "drop in" sessions recommended to Plaintiff TREY

CHOLEWA by Defendant JENNIFER R. ROBINSON, M.D. were observed to

have occurred by administrative staff of JOHN D. DINGELL VA MEDICAL

CENTER who are charged with responsibility for maintaining the appointment

schedule of physicians such as Defendant JENNIFER R. ROBINSON, M.D., and

that such administrative personnel were complicit in permitting such visits to

occur, in concealing them from supervisory staff, and for therefore exposing

Plaintiff to further physical and emotional harassment by Defendant JENNIFER R. ROBINSON, M.D.

20.    Several of the "therapy" sessions that Defendant JENNIFER R. ROBINSON, M.D. had with Plaintiff were not noted in her office chart, nor were all of the visits noted in the calendars of the administrative staff having domain over Defendant JENNIFER R. ROBINSON, M.D.'s appointment calendar.

21.    When Plaintiff began treatment with Defendant JENNIFER R. ROBINSON, M.D., his appointment schedule was at a frequency of less than once per month.

22.    As Defendant JENNIFER R. ROBINSON, M.D. gradually escalated her physical and emotional relationship with Plaintiff under the guise of legitimate therapy, she was seeing him as often as twice per week at the JOHN D. DINGELL VA MEDICAL CENTER, with or without appointments, and outside of her assigned walk-in schedule.

23.    In approximately June 2018, Plaintiff TREY CHOLEWA was approached by Defendant JENNIFER R. ROBINSON, M.D. while he was at the JOHN D. DINGELL VA MEDICAL CENTER, and she again expressed romantic interest in him, an advance that made him feel agitated and anxious.

24.     On every occasion between March 2017 until his last office visit on August 1, 2017, Defendant JENNIFER R. ROBINSON, M.D. initiated inappropriate sexual conduct with Plaintiff TREY CHOLEWA.

25.     Defendant JENNIFER R. ROBINSON, M.D., a Board-Certified Psychiatrist, owed Plaintiff TREY CHOLEWA the following duties under the circumstances of this case:

a.     to obtain an accurate and pertinent history;

b.     to obtain necessary referrals in a timely manner, when indicated;

c.     to properly document patient sessions and therapeutic measures involving the patient;

d.     to refrain from initiating or encouraging romantic and emotional involvement with a patient who is known to require psychological and psychiatric assistance;

e.     to refrain from initiating physical contact of a sexual nature with a patient who is known to require psychological and psychiatric assistance;

f.     to refrain from characterizing to a patient romantic emotional connection with that patient, physical contact of a sexual nature with that patient, or both, as legitimate psychiatric or therapeutic measures;

g.     to refrain from exploiting the power differential she enjoyed over the patient by virtue of his trusting reliance upon her stated goal of assisting him with his underlying psychological conflicts;

h.     to discontinue the professional and therapeutic physician-patient relationship immediately upon her feeling the impulse to act upon feelings of emotional connection, physical attraction, or both, toward a patient such as Plaintiff;

7

    i.      to refer Plaintiff to an alternative psychiatrist within the facility or elsewhere immediately upon her feeling the impulse to act upon feelings of emotional connection, physical attraction, or both, toward a patient such as Plaintiff;

    j.      to refrain from violating MCL 720.520e, which defines criminal sexual conduct in the fourth degree;

    k.      to refrain from touching a patient in a way unwelcome and offensive to the patient; and

    l.      to fulfill other duties that may become known during the course of discovery in this matter.

26.    Defendant JENNIFER R. ROBINSON, M.D., a Board-Certified Psychiatrist, breached the following duties owed Plaintiff TREY CHOLEWA under the circumstances of this case:

    a.      failed to obtain an accurate and pertinent history;

    b.      failed to obtain necessary referrals in a timely manner, when indicated;

    c.      failed to properly document patient sessions and therapeutic measures involving the patient;

    d.      failed to refrain from initiating or encouraging romantic and emotional involvement with a patient who is known to require psychological and psychiatric assistance;

    e.      failed to refrain from initiating physical contact of a sexual nature with a patient who is known to require psychological and psychiatric assistance;

    f.      to refrain from characterizing to a patient romantic emotional connection with that patient, physical contact of a sexual nature with that patient, or both, as legitimate psychiatric or therapeutic measures;

g.     failed to refrain from exploiting the power differential she enjoyed over the patient by virtue of his trusting reliance upon her stated goal of assisting him with his underlying psychological conflicts;

h.     failed to discontinue the professional and therapeutic physician-patient relationship immediately upon her feeling the impulse to act upon feelings of emotional connection, physical attraction, or both, toward a patient such as Plaintiff;

i.     failed to refer Plaintiff to an alternative psychiatrist within the facility or elsewhere immediately upon her feeling the impulse to act upon feelings of emotional connection, physical attraction, or both, toward a patient such as Plaintiff;

j.     failed to refrain from violating MCL 720.520e, which defines criminal sexual conduct in the fourth degree;

k.     failed to refrain from touching a patient in a way unwelcome and offensive to the patient; and

l.     failed to fulfill other duties that may become known during the course of discovery in this matter.

27.     Defendant UNITED STATES OF AMERICA, by and through its agents, employees and officers, owed Plaintiff TREY CHOLEWA duties of care including, but not necessarily limited to, the following:

a.     to properly screen and monitor the qualifications of physicians who were serving as employees, agents or both of the defendant hospital;

b.     to adopt and enforce standards of conduct expected of physician employees, or both who were treating patients within the hospital;

c.     to require reporting by support personnel of treating physicians to the administration upon receipt by such support staff of evidence that improper conduct was taking place between a physician and a patient at the hospital;

d.      to enact and enforce rules, regulations and policies that require accurate documentation of all patient appointments, including walk-in and emergency appointments;

e.      to adopt and enforce policies that make it clear that sexual or romantic emotional involvement between staff members, including physicians, and patients are improper and are prohibited;

f.      to adopt and distribute to patients information regarding patient recourse in the event of sexual harassment by physicians or other members of hospital staff;

g.      to properly supervise the conduct of treating physicians, in order to assure that sexual and emotional exploitation of patients would not occur within the hospital; and

h.      to perform other duties that may become known during the course of discovery in this matter.

28.    Defendant UNITED STATES OF AMERICA, by and through its agents, employees and officers, breached duties of care owed Plaintiff TREY CHOLEWA including, but not necessarily limited to, the following:

a.      failed to properly screen and monitor the qualifications of physicians who were serving as employees, agents or both of the defendant hospital;

b.      failed to adopt and enforce standards of conduct expected of physician employees, or both who were treating patients within the hospital;

c.      failed to require reporting by support personnel of treating physicians to the administration upon receipt of such support staff of evidence that improper conduct was taking place between a physician and a patient at the hospital;

d.      failed to enact and enforce rules, regulations and policies that require accurate documentation of all patient appointments, including walk-in and emergency appointments;

10

e.   failed to adopt and enforce policies that make it clear that sexual or romantic emotional involvement between staff members, including physicians, and patients are improper and are prohibited;

f.   failed to adopt and distribute to patients information regarding patient recourse in the event of sexual harassment by physicians or other members of hospital staff; and

g.   failed to perform other duties that may become known during the course of discovery in this matter.

h.   failed to properly supervise the conduct of treating physicians, in order to assure that sexual and emotional exploitation of patients would not occur within the hospital.

29.   As a direct and proximate result of these breaches of duties by the

Defendant, Plaintiff TREY CHOLEWA suffered damages and injuries including,

but not necessarily limited to, the following:

a.   great physical and emotional pain and suffering;

b.   aggravation of pre-existing psychological maladies, including post-traumatic stress disorder and traumatic brain injury;

c.   interference with ability to lead his life normally;

d.   interference with vocational and avocational pursuits, given increased levels of anxiety and depression provoked by this experience;

e.   loss of enjoyment of life;

f.   marital discord leading to divorce;

g.   denial of appropriate psychiatric therapy that was necessary for his mental health status;

h.   humiliation over being trapped into an exploitative and damaging "therapeutic" relationship; and

11

i.      loss of earnings and of income potential.

30.     An Affidavit of Merit is attached to this Complaint, verifying expert witness support for Plaintiff's allegations, such affidavit being required by MCL 600.2912d.

WHEREFORE, Plaintiff demands judgment against Defendants for the sum of $5,000,000.00, exclusive of interest, costs and attorney fees.

## Count II – Ordinary Negligence

31.     Plaintiff reasserts and realleges the allegations contained in paragraphs 1 thru 30 set forth above, as if fully stated herein.

32.     Plaintiff TREY CHOLEWA, a veteran of the United States Armed Forces, initially sought psychiatric counseling and treatment at JOHN D. DINGELL VA MEDICAL CENTER in Detroit beginning in May of 2015 for service-related conditions including post-traumatic stress disorder and traumatic brain injury.

33.     In October 2015, Plaintiff began to receive psychiatric treatment by Defendant JENNIFER R. ROBINSON, M.D., a board-certified psychiatrist at the VA hospital

34.     Defendant JENNIFER R. ROBINSON, M.D. was, at all times herein, an employee of the JOHN D. DINGELL VA MEDICAL CENTER, an agent of that hospital, a military officer assigned to practice at the hospital, or some

combination of those affiliations, and that Defendant Dr. Robinson was acting within the scope of her affiliation with JOHN D. DINGELL VA MEDICAL CENTER.

35.     From October 2015 until February or March 2017, Defendant JENNIFER R. ROBINSON, MD. began, and gradually escalated, sexually provocative comments and advances toward Sgt. Cholewa during psychological counseling sessions, under the guise of therapy or treatment.

36.     By March 2017, Defendant JENNIFER R. ROBINSON, M.D. had initiated actual sexual contact with Plaintiff, including kissing and fondling him during the course of counseling sessions conducted under the guise of "therapy" that would be beneficial to him given, his underlying psychiatric concerns.

37.     During the period between March 2017 and August 2017, Defendant JENNIFER R. ROBINSON, M.D. not only continued to initiate sexual contact with Plaintiff, but also continued to assure him that such contact was a legitimate therapeutic response to his underlying history of post-traumatic stress disorder and traumatic brain injury.

38.     By August 2017, Defendant JENNIFER R. ROBINSON, M.D. had escalated her inappropriate conduct toward Plaintiff TREY CHOLEWA by informing him that she had developed personal affection for him and wished to advance their relationship to a deeper level of romantic connection.

13

39.   These inappropriate physical and emotional advances made toward Plaintiff TREY CHOLEWA by Defendant JENNIFER R. ROBINSON, M.D. continued up to the time of, and included his last therapeutic appointment with her, which was on August 1, 2017.

40.   Plaintiff TREY CHOLEWA thereafter treated with other therapists at the JOHN D. DINGELL VA MEDICAL CENTER, who documented his expressed concerns over the conduct of Defendant Dr. Robinson, which were superimposed upon his underlying conditions of post-traumatic stress disorder and traumatic brain injury.

41.   Between March 2017 and August 2017, Defendant JENNIFER R. ROBINSON, M.D. gradually persuaded Plaintiff TREY CHOLEWA that it would be appropriate to his therapeutic needs for him to come to her office at the JOHN D. DINGELL VA MEDICAL CENTER whenever he felt that his emotional state was becoming overwhelming, so that she could provide further "therapy" to him as a calming measure.

42.   Such "drop in" meetings between patient and psychiatrist are not within acceptable protocols established by JOHN D. DINGELL VA MEDICAL CENTER.

43.     Defendant JENNIFER R. ROBINSON, M.D. continued to make sexual advances and emotional revelations to Plaintiff during these "drop in" sessions.

44.     These "drop in" sessions recommended to Plaintiff TREY CHOLEWA by Defendant JENNIFER R. ROBINSON, M.D. were observed to have occurred by administrative staff of JOHN D. DINGELL VA MEDICAL CENTER who are charged with responsibility for maintaining the appointment schedule of physicians such as Defendant JENNIFER R. ROBINSON, M.D., and that such administrative personnel were complicit in permitting such visits to occur, in concealing them from supervisory staff, and for therefore exposing Plaintiff to further physical and emotional harassment by Defendant JENNIFER R. ROBINSON, M.D.

45.     Several of the "therapy" sessions that Defendant JENNIFER R. ROBINSON, M.D. had with Plaintiff were not noted in her office chart, nor were all of the visits noted in the calendars of the administrative staff having domain over Defendant JENNIFER R. ROBINSON, M.D.'s appointment calendar.

46.     When Plaintiff began treatment with Defendant JENNIFER R. ROBINSON, M.D., his appointment schedule was at a frequency of less than once per month.

15

47.     As Defendant JENNIFER R. ROBINSON, M.D. gradually escalated her physical and emotional relationship with Plaintiff under the guise of legitimate therapy, she was seeing him as often as twice per week at the JOHN D. DINGELL VA MEDICAL CENTER, with or without appointments, and outside of her assigned walk-in schedule.

48.     In approximately June 2018, Plaintiff TREY CHOLEWA was approached by Defendant JENNIFER R. ROBINSON, M.D. while he was at the JOHN D. DINGELL VA MEDICAL CENTER, and she again expressed romantic interest in him, an advance that made him feel agitated and anxious.

49.     On every occasion between March 2017 until his last office visit on August 1, 2017, Defendant JENNIFER R. ROBINSON, M.D. initiated inappropriate sexual conduct with Plaintiff TREY CHOLEWA.

50.     Defendant JENNIFER R. ROBINSON, M.D., a Board-Certified Psychiatrist, owed Plaintiff TREY CHOLEWA the following duties under the circumstances of this case:

  a.     to obtain an accurate and pertinent history;

  b.     to obtain necessary referrals in a timely manner, when indicated;

  c.     to properly document patient sessions and therapeutic measures
         involving the patient;

  d.     to refrain from initiating or encouraging romantic and emotional
         involvement with a patient who is known to require psychological and
         psychiatric assistance;

16

e.    to refrain from initiating physical contact of a sexual nature with a patient who is known to require psychological and psychiatric assistance;

f.    to refrain from characterizing to a patient romantic emotional connection with that patient, physical contact of a sexual nature with that patient, or both, as legitimate psychiatric or therapeutic measures;

g.    to refrain from exploiting the power differential she enjoyed over the patient by virtue of his trusting reliance upon her stated goal of assisting him with his underlying psychological conflicts;

h.    to discontinue the professional and therapeutic physician-patient relationship immediately upon her feeling the impulse to act upon feelings of emotional connection, physical attraction, or both, toward a patient such as Plaintiff;

i.    to refer Plaintiff to an alternative psychiatrist within the facility or elsewhere immediately upon her feeling the impulse to act upon feelings of emotional connection, physical attraction, or both, toward a patient such as Plaintiff;

j.    to refrain from violating MCL 720.520e, which defines criminal sexual conduct in the fourth degree;

k.    to refrain from touching a patient in a way unwelcome and offensive to the patient; and

l.    to fulfill other duties that may become known during the course of discovery in this matter.

51.    Defendant JENNIFER R. ROBINSON, M.D., a Board-Certified Psychiatrist, breached the following duties owed Plaintiff TREY CHOLEWA under the circumstances of this case:

a.    failed to obtain an accurate and pertinent history;

17

b.  failed to obtain necessary referrals in a timely manner, when indicated;

c.  failed to properly document patient sessions and therapeutic measures involving the patient;

d.  failed to refrain from initiating or encouraging romantic and emotional involvement with a patient who is known to require psychological and psychiatric assistance;

e.  failed to refrain from initiating physical contact of a sexual nature with a patient who is known to require psychological and psychiatric assistance;

f.  to refrain from characterizing to a patient romantic emotional connection with that patient, physical contact of a sexual nature with that patient, or both, as legitimate psychiatric or therapeutic measures;

g.  failed to refrain from exploiting the power differential she enjoyed over the patient by virtue of his trusting reliance upon her stated goal of assisting him with his underlying psychological conflicts;

h.  failed to discontinue the professional and therapeutic physician-patient relationship immediately upon her feeling the impulse to act upon feelings of emotional connection, physical attraction, or both, toward a patient such as Plaintiff;

i.  failed to refer Plaintiff to an alternative psychiatrist within the facility or elsewhere immediately upon her feeling the impulse to act upon feelings of emotional connection, physical attraction, or both, toward a patient such as Plaintiff;

j.  failed to refrain from violating MCL 720.520e, which defines criminal sexual conduct in the fourth degree;

k.  failed to refrain from touching a patient in a way unwelcome and offensive to the patient; and

l.  failed to fulfill other duties that may become known during the course of discovery in this matter.

52.     Defendant UNITED STATES OF AMERICA, by and through its

agents, employees and officers, owed Plaintiff TREY CHOLEWA duties of care

including, but not necessarily limited to, the following:

a.     to properly screen and monitor the qualifications of physicians who were serving as employees, agents or both of the defendant hospital;

b.     to adopt and enforce standards of conduct expected of physician employees, or both who were treating patients within the hospital;

c.     to require reporting by support personnel of treating physicians to the administration upon receipt by such support staff of evidence that improper conduct was taking place between a physician and a patient at the hospital;

d.     to enact and enforce rules, regulations and policies that require accurate documentation of all patient appointments, including walk-in and emergency appointments;

e.     to adopt and enforce policies that make it clear that sexual or romantic emotional involvement between staff members, including physicians, and patients are improper and are prohibited;

f.     to adopt and distribute to patients information regarding patient recourse in the event of sexual harassment by physicians or other members of hospital staff;

g.     to properly supervise the conduct of treating physicians, in order to assure that sexual and emotional exploitation of patients would not occur within the hospital; and

h.     to perform other duties that may become known during the course of discovery in this matter.

53.     Defendant UNITED STATES OF AMERICA, by and through its

agents, employees and officers, breached duties of care owed Plaintiff TREY

CHOLEWA including, but not necessarily limited to, the following:

a.      failed to properly screen and monitor the qualifications of physicians
        who were serving as employees, agents or both of the defendant
        hospital;

b.      failed to adopt and enforce standards of conduct expected of physician
        employees, or both who were treating patients within the hospital;

c.      failed to require reporting by support personnel of treating physicians
        to the administration upon receipt of such support staff of evidence
        that improper conduct was taking place between a physician and a
        patient at the hospital;

d.      failed to enact and enforce rules, regulations and policies that require
        accurate documentation of all patient appointments, including walk-in
        and emergency appointments;

e.      failed to adopt and enforce policies that make it clear that sexual or
        romantic emotional involvement between staff members, including
        physicians, and patients are improper and are prohibited;

f.      failed to adopt and distribute to patients information regarding patient
        recourse in the event of sexual harassment by physicians or other
        members of hospital staff; and

g.      failed to perform other duties that may become known during the
        course of discovery in this matter.

h.      failed to properly supervise the conduct of treating physicians, in
        order to assure that sexual and emotional exploitation of patients
        would not occur within the hospital.

54.     As a direct and proximate result of these breaches of duties by the

Defendant, Plaintiff TREY CHOLEWA suffered damages and injuries including,

but not necessarily limited to, the following:

  a.    great physical and emotional pain and suffering;

  b.    aggravation of pre-existing psychological maladies, including post-
        traumatic stress disorder and traumatic brain injury;

  c.    interference with ability to lead his life normally;

  d.    interference with vocational and avocational pursuits, given increased
        levels of anxiety and depression provoked by this experience;

  e.    loss of enjoyment of life;

  f.    marital discord leading to divorce;

  g.    denial of appropriate psychiatric therapy that was necessary for his
        mental health status;

  h.    humiliation over being trapped into an exploitative and damaging
        "therapeutic" relationship; and

  i.    loss of earnings and of income potential.

### Count III –Medical Battery; Criminal Sexual Misconduct

55.     Plaintiff reasserts and realleges the allegations contained in

paragraphs 1 thru 54 set forth above, as if fully stated herein.

56.     The conduct of Defendant JENNIFER R. ROBINSON, M.D. in this

case, as alleged in the Complaint, constitutes medical battery of Plaintiff TREY

CHOLEWA.

21

57.     In addition to medical battery, the misconduct of Defendant

JENNIFER R. ROBINSON, M.D., as alleged herein, constitutes Criminal Sexual

Misconduct, and is an explicit violation of MCL 750.520(e)1(b)(iv).

58.     Defendant UNITED STATES OF AMERICA is liable for medical

battery of patients such as Plaintiff TREY CHOLEWA, under the terms of 10 USC

§1089(e), as applied to 28 USC §2680(h).

59.     As a result of the medical battery of Plaintiff, as alleged in this

Complaint, Plaintiff TREY CHOLEWA suffered damages and injuries including,

but not necessarily limited to, the following:

a.     great physical and emotional pain and suffering;

b.     aggravation of pre-existing psychological maladies, including post-traumatic stress disorder and traumatic brain injury;

c.     interference with ability to lead his life normally;

d.     interference with vocational and avocational pursuits, given increased levels of anxiety and depression provoked by this experience;

e.     loss of enjoyment of life;

f.     marital discord leading to divorce;

g.     denial of appropriate psychiatric therapy that was necessary for his mental health status;

h.     humiliation over being trapped into an exploitative and damaging "therapeutic" relationship; and

i.     loss of earnings and of income potential.

22

60.     Plaintiff's presenting complaints consisted of active duty service-related conditions including post-traumatic stress disorder and traumatic brain injury.

61.     From October 2015 until February or March 2017, Defendant JENNIFER R. ROBINSON, MD. began, and gradually escalated, sexually provocative comments and advances toward Sgt. Cholewa during psychological counseling sessions, under the guise of therapy or treatment.

62.     By March 2017, Defendant JENNIFER R. ROBINSON, M.D. had initiated actual sexual contact with Plaintiff, including kissing and fondling him during the course of counseling sessions conducted under the guise of "therapy" that would be beneficial to him, given his underlying psychiatric concerns.

63.     During the period between March 2017 and August 2017, Defendant JENNIFER R. ROBINSON, M.D. not only continued to initiate sexual contact with Plaintiff, but also continued to assure him that such contact was a legitimate therapeutic response to his underlying history of post-traumatic stress disorder and traumatic brain injury.

64.     By August 2017, Defendant JENNIFER R. ROBINSON, M.D. had escalated her inappropriate conduct toward Plaintiff TREY CHOLEWA by informing him that she had developed personal affection for him and wished to advance their relationship to a deeper level of romantic connection.

23

65.    These inappropriate physical and emotional advances made toward

Plaintiff TREY CHOLEWA by Defendant JENNIFER R. ROBINSON, M.D.

continued up to the time of, and included his last therapeutic appointment with her,

which was on August 1, 2017.

66.    Plaintiff TREY CHOLEWA thereafter treated with other therapists at

the John D. Dingell VA Medical Center in Detroit, Michigan, who documented his

expressed concerns over the conduct of Defendant Dr. Robinson, which were

superimposed upon his underlying conditions of post-traumatic stress disorder and

traumatic brain injury.

67.    Between March 2017 and August 2017, Defendant JENNIFER R.

ROBINSON, M.D. gradually persuaded Plaintiff TREY CHOLEWA that it would

be appropriate to his therapeutic needs for him to come to her medical office

whenever he felt that his emotional state was becoming overwhelming, so that she

could provide further "therapy" to him as a calming measure.

68.    Such "drop in" meetings between patient and psychiatrist are not

within acceptable protocols established by standards of practice for Board-

Certified psychiatrists.

69.    Defendant JENNIFER R. ROBINSON, M.D. continued to make

sexual advances and emotional revelations to Plaintiff during these "drop in"

sessions.

24

70.     Several of the "therapy" sessions that Defendant JENNIFER R.

ROBINSON, M.D. had with Plaintiff were not noted in her office chart, nor were

all of the visits noted in the calendars of the administrative staff having domain

over Defendant JENNIFER R. ROBINSON, M.D.'s appointment calendar.

71.     When Plaintiff began treatment with Defendant JENNIFER R.

ROBINSON, M.D., his appointment schedule was at a frequency of less than once

per month.

72.     As Defendant JENNIFER R. ROBINSON, M.D. gradually escalated

her physical and emotional relationship with Plaintiff under the guise of legitimate

therapy, she was seeing him as often as twice per week at her office, with or

without appointments, and outside of her assigned walk-in schedule.

73.     In approximately June 2018, Plaintiff TREY CHOLEWA was

approached by Defendant JENNIFER R. ROBINSON, M.D. while he was at the

John D. Dingell VA Medical Center, and she again expressed romantic interest in

him, an advance that made him feel agitated and anxious.

74.     On every occasion between March 2017 until his last office visit in

August 2017, Defendant JENNIFER R. ROBINSON, M.D. initiated inappropriate

sexual conduct with Plaintiff TREY CHOLEWA.

75.     Defendant JENNIFER R. ROBINSON, M.D., a Board-Certified

Psychiatrist, owed Plaintiff TREY CHOLEWA the following duties, whether

under federal or state law, under the circumstances of this case:

     a.     to obtain an accurate and pertinent history;

     b.     to obtain necessary referrals in a timely manner, when indicated;

     c.     to properly document patient sessions and therapeutic measures involving the patient;

     d.     to refrain from initiating or encouraging romantic and emotional involvement with a patient who is known to require psychological and psychiatric assistance;

     e.     to refrain from initiating physical contact of a sexual nature with a patient who is known to require psychological and psychiatric assistance;

     f.     to refrain from characterizing to a patient romantic emotional connection with that patient, physical contact of a sexual nature with that patient, or both, as legitimate psychiatric or therapeutic measures;

     g.     to refrain from exploiting the power differential she enjoyed over the patient by virtue of his trusting reliance upon her stated goal of assisting him with his underlying psychological conflicts;

     h.     to discontinue the professional and therapeutic physician-patient relationship immediately upon her feeling the impulse to act upon feelings of emotional connection, physical attraction, or both, toward a patient such as Plaintiff;

     i.     to refer Plaintiff to an alternative psychiatrist within the facility or elsewhere immediately upon her feeling the impulse to act upon feelings of emotional connection, physical attraction, or both, toward a patient such as Plaintiff;

j.      to refrain from violating MCL 720.520e, which defines criminal sexual conduct in the fourth degree;

k.      to refrain from touching a patient in a way unwelcome and offensive to the patient; and

l.      to fulfill other duties that may become known during the course of discovery in this matter.

76.     Defendant JENNIFER R. ROBINSON, M.D., a Board-Certified

Psychiatrist, breached the following duties owed Plaintiff TREY CHOLEWA,

whether under federal or state law, under the circumstances of this case:

a.      failed to obtain an accurate and pertinent history;

b.      failed to obtain necessary referrals in a timely manner, when indicated;

c.      failed to properly document patient sessions and therapeutic measures involving the patient;

d.      failed to refrain from initiating or encouraging romantic and emotional involvement with a patient who is known to require psychological and psychiatric assistance;

e.      failed to refrain from initiating physical contact of a sexual nature with a patient who is known to require psychological and psychiatric assistance;

f.      to refrain from characterizing to a patient romantic emotional connection with that patient, physical contact of a sexual nature with that patient, or both, as legitimate psychiatric or therapeutic measures;

g.      failed to refrain from exploiting the power differential she enjoyed over the patient by virtue of his trusting reliance upon her stated goal of assisting him with his underlying psychological conflicts;

27

h.    failed to discontinue the professional and therapeutic physician-patient relationship immediately upon her feeling the impulse to act upon feelings of emotional connection, physical attraction, or both, toward a patient such as Plaintiff;

i.    failed to refer Plaintiff to an alternative psychiatrist within the facility or elsewhere immediately upon her feeling the impulse to act upon feelings of emotional connection, physical attraction, or both, toward a patient such as Plaintiff;

j.    failed to refrain from violating MCL 720.520e, which defines criminal sexual conduct in the fourth degree;

k.    failed to refrain from touching a patient in a way unwelcome and offensive to the patient; and

l.    failed to fulfill other duties that may become known during the course of discovery in this matter.

77.    As a direct and proximate result of these breaches of duties by the Defendant, whether under federal or state law, Plaintiff TREY CHOLEWA suffered damages and injuries including, but not necessarily limited to, the following:

a.    great physical and emotional pain and suffering;

b.    aggravation of pre-existing psychological maladies, including post-traumatic stress disorder and traumatic brain injury;

c.    interference with ability to lead his life normally;

d.    interference with vocational and avocational pursuits, given increased levels of anxiety and depression provoked by this experience;

e.    loss of enjoyment of life;

f.    marital discord leading to divorce;

g.      denial of appropriate psychiatric therapy that was necessary for his mental health status;

h.      humiliation over being trapped into an exploitative and damaging "therapeutic" relationship; and

i.      loss of earnings and of income potential.

78.    The conduct of Defendant JENNIFER R. ROBINSON, M.D. in this case, as alleged in the Complaint, constitutes medical battery of Plaintiff TREY CHOLEWA.

79.    In addition to medical battery, the misconduct of Defendant JENNIFER R. ROBINSON, M.D., as alleged herein, constitutes Criminal Sexual Misconduct, and is an explicit violation of MCL 750.520(e)1(b)(iv).

80.    As a result of the medical battery of Plaintiff, as alleged in this Complaint, Plaintiff TREY CHOLEWA suffered damages and injuries including, but not necessarily limited to, the following:

a.      great physical and emotional pain and suffering;

b.      aggravation of pre-existing psychological maladies, including post-traumatic stress disorder and traumatic brain injury;

c.      interference with ability to lead his life normally;

d.      interference with vocational and avocational pursuits, given increased levels of anxiety and depression provoked by this experience;

e.      loss of enjoyment of life;

f.  marital discord leading to divorce;

g.  denial of appropriate psychiatric therapy that was necessary for his mental health status;

h.  humiliation over being trapped into an exploitative and damaging "therapeutic" relationship; and

i.  loss of earnings and of income potential.

WHEREFORE, Plaintiff demands judgment against Defendants the sum of

$5,000,000.00, exclusive of interest, costs and attorney fees.

Respectfully submitted,

JOHNSON LAW, PLC

BY:   _/s/  Samuel H. Pietsch_____
        VEN R. JOHNSON (P39219)
        SAMUEL H. PIETSCH (P30173)
        ANTHONY P. SINISHTAJ (P82128)
        Attorneys for Plaintiff

Dated:   November 25, 2019

## **DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, by and through his Attorneys, JOHNSON LAW,

PLC, and hereby demands a trial by jury.

Respectfully submitted,

JOHNSON LAW, PLC

BY:   _/s/  Samuel H. Pietsch_____
        VEN R. JOHNSON (P39219)
        SAMUEL H. PIETSCH (P30173)
        ANTHONY P. SINISHTAJ (P82128)
        Attorneys for Plaintiff

Dated:   November 25, 2019

## AFFIDAVIT OF MERIT

STATE OF NEW YORK )
                      ) ss:
COUNTY OF NEW YORK )

I, Larry S. Kirstein, M.D., by this Affidavit, state that during the relevant time period at issue in this matter, I was a licensed, Board-Certified and practicing medical doctor in the field of psychiatry, and am therefore familiar with the requisite standard of care of a Board-Certified psychiatrist, and during the year immediately preceding the date of the occurrence that is the basis for this claim, I devoted the majority of my professional time to the active clinical practice and/or instruction of students in an accredited health professional school within the profession of psychiatry, and do attest to and certify the following:

1.     I have read the Notice of Intent prepared on behalf of Trey Cholewa.

2.     I have reviewed the pertinent medical records supplied to me by Plaintiff's counsel, specifically, Mr. Cholewa's medical records at Veterans Administration Hospital in Detroit, Michigan, his follow-up counseling records from United Psychological Services, and a neuropsychological report prepared by Nida Hamid, Psy.D., a licensed psychologist and consulting neuropsychologist, as well as tape recordings of conversations between Mr. Cholewa and Dr. Robinson that contain admissions by her of emotional involvement with her patient.

3.     In my opinion, all of the following provisions apply to this case:

I.     **APPLICABLE STANDARD OF PRACTICE OR CARE ALLEGED**

     A.     **Psychiatric Medicine**

A reasonable and prudent physician or other health care professional specializing in psychiatry and providing evaluation, consultation, care and/or treatment for a patient like and similar to Trey Cholewa owed a duty, pursuant to the applicable standards of care to:

1. obtain an accurate and pertinent history;

2. obtain necessary referrals in a timely manner, when indicated;

3. properly document patient sessions and therapeutic measures considered and employed:

4. refrain from initiating or encouraging physical touching of a sexual nature;

5. refrain from initiating or encouraging sexual encounters; and

6. discontinue the professional, therapeutic physician-patient relationship if experiencing romantic, emotional or sexual attraction to a patient.

**B.    Psychiatric Health Care Facility**

A reasonable and prudent health care facility providing psychiatric care and services, by and through its employees, agents and staff providing evaluation, consultation, care and/or treatment for a patient like and similar to Trey Cholewa owed a duty, pursuant to the applicable standards of care to:

1. obtain an accurate and pertinent history;

2. obtain necessary referrals in a timely manner, when indicated;

3. properly document patient sessions and therapeutic measures considered and employed:

4. refrain from initiating or encouraging physical touching of a sexual nature with a patient;

5. refrain from initiating or encouraging sexual encounters with a patient;

2

6.    discontinue the professional, therapeutic physician–patient relationship if experiencing romantic, emotional or sexual attraction to a patient;

7.    require accurate documentation of all patient visits by all staff;

8.    enact and implement rules, regulations and policies that encourage and require accurate documentation of all appointments and treatment;

9.    properly and thoroughly screen and monitor :ality of care being provided by all employees, including therapists and psychiatrists; and

10.   provide means to have ongoing monitoring and review of excessive and inappropriate medication changes being ordered and implemented by staff, including medical doctors such as psychiatrists.

II.   **THE MANNER IN WHICH IT IS CLAIMED THAT THE STANDARD(S) OF PRACTICE OR CARE WERE BREACHED**

A.    Contrary to the applicable standards of care, Jennifer Robinson, MD. and other health care professionals specializing in psychiatric care who were involved in the evaluation, consultation, care and/or treatment for Trey Cholewa failed to:

1.    obtain an accurate and pertinent history;

2.    obtain necessary referrals in a timely manner, when indicated;

3.    properly document patient sessions and therapeutic measures considered and employed;

4.    refrain from initiating or encouraging physical touching of a sexual nature with a patient;

5.    refrain from initiating or encouraging sexual encounters with a patient; and

6.    discontinue the professional, therapeutic physician–patient relationship if experiencing romantic, emotional or sexual attraction to a patient.

3

B.   Contrary to the applicable standards of care, The John D. Dingell VA Medical Center, by and through its employees, agents and staff who were involved in the evaluation, consultation, care and/or treatment for Trey Cholewa failed to:

   1.   obtain an accurate and pertinent history;

   2.   obtain necessary referrals in a timely manner, when indicated;

   3.   properly document patient sessions and therapeutic measures considered and employed:

   4.   refrain from initiating or encouraging physical touching of a romantic, emotional or sexual nature with a patient;

   5.   refrain from initiating or encouraging sexual encounters with a patient;

   6   discontinue the professional, therapeutic physician-patient relationship if experiencing romantic, emotional or sexual attraction to a patient; and

   7.   require accurate documentation of all patient visits by all staff;

   8.   enact and implement rules, regulations and policies that encourage and require accurate documentation of all appointments and treatment; and

   9.   properly and thoroughly screen and monitor quality of care being provided by all employees, including therapists and psychiatrists.

III.   **THE ACTION(S) THAT SHOULD HAVE BEEN TAKEN TO ACHIEVE COMPLIANCE WITH THE STANDARD OF PRACTICE OR CARE**

   A.   Jennifer Robinson, MD. and any other health care professionals specializing in psychiatric care who were involved in the evaluation, consultation, care and/or treatment for Trey Cholewa at the Dingell VA Medical Center should have:

      1.   obtained an accurate and pertinent history throughout his treatment;

2.    obtained necessary referrals in a timely manner, when indicated;

3.    properly documented patient sessions and therapeutic measures considered and employed:

4.    refrained from initiating or encouraging physical touching of a sexual nature with patients;

5.    refrained from initiating or encouraging romantic, emotional or sexual encounters with patients; and

6.    discontinued the professional, therapeutic physician-patient relationship if experiencing sexual attraction to a patient.

B.    The John D. Dingell VA Medical Center, by and through its employees, agents and staff who were involved in the evaluation, consultation, care and/or treatment for Trey Cholewa should have:

1.    obtained an accurate and pertinent history;

2.    obtained necessary referrals in a timely manner, when indicated;

3.    properly documented patient sessions and therapeutic measures considered and employed:

4.    refrained from initiating or encouraging physical touching of a sexual nature with patients;

5.    refrained from initiating or encouraging sexual encounters with patients; and

6.    immediately discontinued the professional, therapeutic physician-patient relationship if experiencing romantic, emotional sexual attraction to a patient.

7.    required accurate documentation of all patient visits by all staff;

8.    enacted and implemented rules, regulations and policies that encouraged and required accurate documentation of all appointments and treatment; and

5

9. properly and thoroughly screened and monitored quality of care being provided by all employees, including therapists and psychiatrists.

## IV. THE MANNER IN WHICH THE BREACH WAS THE PROXIMATE CAUSE OF CLAIMED INJURY

As a direct and proximate result of the various breaches of applicable standards of care by Dr. Jennifer Robinson and the staff at John D. Dingell VA Medical Center and the Medical Center itself, Trey Cholewa was subjected to unreasonable, therapeutically contraindicated and harmful "treatment" and abuse of an emotional sexual nature during the course of his therapy at the VA. In addition to the pain and suffering and emotional distress experienced concurrent with the episodes of abusive treatment, he also experienced ongoing and debilitating consequences of a physical, psychological and emotional nature that continue to date and which appear to be permanent. Specifically, Trey Cholewa has suffered injuries including fear, fright, shock, embarrassment, humiliation, mortification, aggravation of pre-existing mental and emotional injuries, increased risk of suicide, decreased life-expectancy, marital discord leading to a divorce case(s), and a failed marriage / broken home for three young children as well as physical pain and suffering, loss of sleep, inability to work or participate in recreational activities on his own and with his children. As a further direct and proximate result of Dr. Jennifer Robinson's negligent manipulation of a vulnerable, at-risk patient for her own personal and sexual gratification, Trey Cholewa went for many months deprived of necessary treatment for his mental health conditions, while being trapped in a damaging and exploitative "therapeutic" relationship with Dr. Robinson.

4. I hold these opinions to a reasonable degree of medical certainty.

FURTHER AFFIANT SAYETH NOT,

_____
DR. LARRY S. KIRSTEIN

Subscribed and sworn to before me on
this 25 day of June, 2019.

_____
Notary Public

DEANNA MOHAMED
Notary Public - State of New York
NO. 01MO6384924
Qualified in Richmond County
My Commission Expires Dec 24, 2022

6